**Carmen E. TRIPODI, Plaintiff—Appellant,**

v.

**HARVEYS TAHOE MANAGEMENT COMPANY, INC., dba Bill's Lake Tahoe Casino, Defendant—Appellee.**

**No. 06–16459.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007 \*.

Filed Aug. 30, 2007.

Carmen E. Tripodi, South Lake Tahoe, CA, pro se.

Patrick H. Hicks, Littler Mendelson, PC, Las Vegas, NV, Karyn M. Taylor, Esq., Littler Mendelson, Reno, NV, for Defendant–Appellee.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM \*\*

Carmen E. Tripodi appeals pro se from the district court's order dismissing his diversity action alleging fraudulent misrepresentation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to meet the pleading standards of Fed.R.Civ.P. 9(b). *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir.2003). We affirm.

We affirm the dismissal of Tripodi's second amended complaint because Tripodi

---

failed to allege with sufficient particularity how certain statements posted on defendant's website were false at the time they were made. *See* Fed.R.Civ.P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); *In re Glen-Fed, Inc.*, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc) ("To allege fraud with particularity ... plaintiff must set forth what is false or misleading about a statement, and why it is false."); *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1386 (1998) (listing elements for a fraud claim, including defendant's knowledge of falsity).

Tripodi's remaining contentions lack merit.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.